# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN TRUJILLO HERNANDEZ, | No. ED CV 26-2452-E |
| Petitioner, | |
| v. | ORDER FOR ENTRY OF JUDGMENT |
| CHRISTOPHER CHESTNUT, ETC., ET AL., | |
| Respondents. | |

## PROCEEDINGS

On May 8, 2026, Petitioner, a detainee of Immigration and Customs Enforcement, filed "Petitioner's Emergency Motion, etc." and a "Petition for Writ of Habeas Corpus" ("the Petition"). Respondents filed a Response on May 12, 2026.

On May 13, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing before an immigration judge on or before May 20, 2026, and further ordered that the parties file "a joint statement regarding the nature and timing of any necessary further proceedings in this case" on or before May 27, 2026.

///

On May 19, 2026, an immigration judge held a bond hearing.  Petitioner had been given advance notice of the hearing and of his right to be represented at the hearing by counsel.  Petitioner proceeded at the hearing without counsel.  At the hearing, the immigration judge denied bond, finding "by clear and convincing evidence" that Petitioner "is a flight risk for which no amount of bond can mitigate or ameliorate the risk."  The immigration judge cited, among other factors:  Petitioner's lack of family members with status in the United States; the limited time Petitioner has been at his current residence; the relative absence of sponsor information and the speculative nature of Petitioner's hopes for avoiding eventual removal.

On May 27, 2026, the parties filed a "Joint Status Report."  Respondents stated "that no further proceedings are required in this case."  Petitioner complained of his lack of representation by counsel at the May 19, 2026 hearing.  Both parties mentioned a scheduled June 3, 2026 hearing before the immigration judge.

By Minute Order filed May 28, 2026, the Court ordered that the parties file a second joint statement "regarding the nature and timing of any necessary further proceedings in this case" on or before June 8, 2026.

On June 3, 2026, the immigration judge held a hearing at which counsel for Petitioner appeared.  At that time, the immigration judge refused to reopen or alter the May 19, 2026 bond denial.

On June 8, 2026, the parties filed another "Joint Status Report."  Respondents again appeared to take the position that no further proceedings are necessary in this case.  Petitioner contended only that the Court should order another bond hearing.

///

///

///

2

**DISCUSSION**

Under the circumstances presented, counsel's non-attendance at the May 19, 2026 hearing before the immigration judge did not render the hearing procedurally invalid. The Court's jurisdiction to review the substance of the immigration judge's bond denial is limited. See Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024) ("Martinez v. Clark"). District courts review immigration judges' dangerousness findings under an "abuse of discretion" standard. See id. at 784. Under the rationale of Martinez v. Clark, district courts also review immigration judges' flight risk findings under an "abuse of discretion" standard. See, e.g., Zaitsev v. Warden, 2026 WL 391429 (C.D. Cal. Feb. 9, 2026).

This "abuse of discretion" standard is "deferential." See Martinez v. Clark, 124 F.4th at 784. "That deference reflects Congress's decision to cabin judicial review in removal proceedings. . . . And we tread especially carefully in this area where Congress sought to eliminate judicial review." Id. (citations and quotations omitted). In the abuse of discretion review, the Court may not "reweigh evidence," and the Court should "generally, in the absence of any red flags," accept that the immigration authorities applied the proper standards. Martinez v. Clark, 124 F.4th at 785.

In the present case, Petitioner has failed to demonstrate that the immigration judge's flight risk finding constituted an abuse of discretion. A reasonable perception of a limited likelihood of avoiding eventual removal can support an immigration judge's finding that an alien poses an unacceptable risk of flight or of failing to report for removal when called upon to do so. See, e.g., Anyanwu v. Bondi, 2025 WL 3466910, at *4-5 (W.D. Wash. Oct. 6, 2025), adopted, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025). The immigration judge also referenced other facts rationally supporting the judge's flight risk finding. Although certain facts in the record arguably weigh against this finding, this Court may not "reweigh evidence." Martinez v. Clark, 124 F.4th at 785; see also Singh v. Bowen, 2026 WL 485760, at *4 (C.D.

Cal. Feb. 19, 2026) (to the extent a petitioner seeks release during the pendency of an administrative appeal of an immigration judge's flight risk finding "simply because the [alien] disagrees with the merits of the immigration judge's decision," the court lacks jurisdiction to grant relief).  None of Petitioner's arguments justify any further relief in this case.

**ORDER**

Therefore, IT IS ORDERED that the Petition is denied with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 10, 2026

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4